IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DALLAS GAS PARTNERS, LP, | § |
| | § |
| Defendant, | § |
| | § |
| VS. | § |
| | § |
| PROSPECT ENERGY CORPORATION, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § CIVIL ACTION H-10-1396 |
| | § |
| DALLAS GAS PARTNERS, LP, DALLAS | § |
| GAS GP, LLC, DAVID NELSON, | § |
| JEFFREY WEISS, AND TOM MUSE, | § |
| | § |
| Defendants. | § |

**OPINION AND ORDER**

Pending before the Court in the above referenced cause is Plaintiff Prospect Energy Corporation's unopposed motion to dismiss (instrument #202) its remaining claims except for the pending motion for attorney's fees and litigation expenses.[1] Specifically Prospect seeks to dismiss its claims for conspiracy, fraud, and additional damages suffered because of Defendants Dallas Gas Partners, LP, Dallas Gas GP LLC, David Nelson, Jeffrey Weiss and Tom Muse's breach of contract.  Defendants do not object to the dismissal of these claims, but do demand a jury trial on (1) the reasonableness of the requested attorney's fees sought by Prospect

---

[1] Prospect's request with supporting documentation is found in Exhibits 1-4 to #176.  Defendants' amended objections are found in #196.

as actual damages and (2) the apportionment of liability among Defendants.

The Fifth Circuit has held, "State law controls both the award of and reasonableness of [attorney's] fees awarded where state law supplies the rule of decision," as is the case in this diversity action for breach of contract. *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002), *citing* Texas Civil Practice & Remedies Code Ann. § 38.001 ("Recovery of Attorney's Fees")("A person may recover reasonable attorney's fees from an individual or corporation in addition to the amount of a valid claim and costs, if the claim is for: (1) rendered services; (2) performed labor . . . (8) an oral or written contract."); *DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 433 (5th Cir. 2003)(reaffirming *Mathis*); *Hobbs v. Alcoa*, 501 F.3d 395, 397 (5th Cir. 2007)(In diversity cases, "state law governs the award of attorneys' fees"). *See also Alyeska Pipeline Serv. Co. v. Wilderness Soc.*, 421 U.S. 240 (1975). "Under Texas law, when a prevailing party in a breach of contract suit seeks fees, an award of reasonable fees is mandatory, as long as there is proof of reasonable fees. *Mathis*, 302 F.3d at 462, *citing* Texas Civil Practice & Remedies Code Ann. § 38.001. Nevertheless it is the trial court that determines the reasonableness of attorney's fees by applying the factors listed in Rule 1.04 of the Texas Disciplinary Rule of Professional Conduct. See Tex. Disciplinary R. Prof'l Conduct 1.04(b), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A (Vernon 1998)(factors

include time and labor required, difficulty of the questions involved and skill necessary to perform the services, fee customarily charged in the locality, and any time limitations imposed by the circumstances.). "An award of attorney's fees is entrusted to the sound discretion of the trial court." *Texas Commerce Bank Nat. Ass'n v. Capital Bancshares, Inc.*, 907 F.2d 1571, 1575 (5th Cir. 1990), *citing Schwarz v. Folloder*, 767 F.2d 125, 127 (5th Cir. 985). Pursuant to Federal Rule of Civil Procedure 54(d) this Court is authorized to determine a claim for attorney's fees in federal court. Therefore Defendants' request for a jury trial on the reasonableness of attorney's fees is DENIED.

Accordingly, trial and jury selection will begin on Monday, February 14, 2011 solely on the apportionment issue.

**SIGNED** at Houston, Texas, this 10th day of February, 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE