```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                    HOUSTON DIVISION

PROSPECT ENERGY CORPORATION,    §
                                §
          Plaintiff,            §
                                §
VS.                             §   CIVIL ACTION H-10-1396
                                §
DALLAS GAS PARTNERS, LP, DALLAS §
GAS GP, LLC, DAVID NELSON,      §
JEFFREY WEISS, AND TOM MUSE,    §
                                §
          Defendants.           §
```

## OPINION AND ORDER

Still pending before the Court in the above referenced action is Defendants Dallas Gas Partners, LP, Dallas Gas GP LLC, David Nelson, Jeffrey Weiss and Tom Muse's request for a jury trial on apportionment among Defendants of the liability that the Court concluded on summary judgment was to be imposed on all of them for the full amount of damages for their roles in filing two meritless lawsuits against Plaintiff Prospect Energy Corporation ("Prospect") in violation of the clear and unambiguous Release and Covenant Not to Sue in their LLC Membership Interest Purchase Agreement, which bound all of them. *See* Opinion and Order (instrument #190). Defendants argue that liability under the LLC Membership Interest Purchase Agreement is several, not joint and several as Prospect contends.

The parties have briefed the apportionment issue (instruments #203, 206, 207, 208), and the Court held a telephone conference on

February 11, 2011 regarding it. It also vacated the trial setting. After considering the arguments and the applicable law, for the reasons indicated below, the Court concludes that there is no legal basis for apportioning the liability here and denies the request.

Procedurally, although this case has been pending for six years, Defendants have never pleaded a claim for apportionment and never raised the issue of apportionment until February 9, 2011, at the eleventh hour, just before trial was scheduled to begin on February 13, 2011, and only after Prospect moved to dismiss (#202)[1] its remaining claims other than those for attorney's fees and litigation expenses (#176, Exs. 1-4).[2] Nor have Defendants asserted any cross claims or raised a question of comparative negligence or fault. The request for a jury trial on apportionment is untimely and Defendants show no good cause for their extensive delay is raising the issue.

More to the point, here liability is based on the breach of a single contract to which all Defendants were signatories and they were all bound by its joint promise not to sue. Historically, most jurisdictions follow the rule

> that an obligation entered into by more than one person is presumed to be joint. This presumption will not be overcome unless there are either (1) express words to render the obligation several or joint and several (often referred to as "words of severance"); (2) the terms of

---

[1] The Court granted that motion. #205.

[2] The Court has ruled that these fees and expenses are issues to be determined by the Court and that a jury trial regarding them was not necessary. #205.

> the promise considered in light of the surrounding circumstances indicate an intention to be bound severally, or jointly and severally; or (3) there is a statute that declares that every contract, though joint in its terms, is to be considered several as well as joint. . . . As expressed in the Restatement (Second) of Contracts, the rule is that where two or more parties to a contract promise the same performance to the same promissee, they incur only a joint duty unless an intention is manifested to create several duties or joint and several duties.

12 *Williston on Contracts* § 36:3 (4th ed.)(footnotes omitted).

New York law governs the LLC Membership Interest Purchase Agreement and imposes joint liability here. New York law follows the presumption that Defendants are jointly liable for damages when two or more people undertake an obligation jointly unless there are express words of severance in the contract to make that responsibility several. *See, e.g., United States Printing & Lithograph Co. v. Powers*, 233 N.Y. 143, 152, 135 N.E. 225, 227 (1922)("It is a general rule, so well established as not to require extended discussion, that promises by two or more persons create a joint duty unless the contrary is stated. It is a general presumption of law that, when two or more persons undertake an obligation, they undertake jointly, words of severance being necessary to overcome this primary presumption."); *Wujin Nanxiashu Secant Factory v. Ti-Well Intern. Corp.*, 22 A.D.3d 308, 310-11 802 N.Y.S. 2d 411, 414 (1st Dep't 2005)("Settled rules governing the interpretation of contracts provide that when two or more entities take on an obligation, . . . they do so jointly, and that words of severance are necessary to overcome this primary presumption");

*Alexander v. Wheeler*, 64 A.D. 2d 837, 407 N.Y.S. 2d 319, 320-21 (4th Dep't 1978); 22 N.Y. Jur. 2d Contracts § 260 (Database updated 2011)("an obligation entered into by more than one person is presumed to be joint and a several responsibility will not arise except by words of severance"). As stated in *Powers*, 233 N.Y. at 153, "The enforcement of a joint obligation against several parties must necessarily lead to a verdict and judgment which are joint in their nature. The ordinary rule is that a judgment which is rendered jointly and commonly against several parties is entire and indivisible . . . ."

Defendants argue that the use of the singular "each" in the following portion of the agreement constitutes language of severance:: "Each of the signatories hereto . . . hereby covenants not to institute, maintain or prosecute any action, claim, suit, proceeding or cause of action of any kind to enforce any of the MNW Released Claims . . . ." LLC Membership Interest Purchase Agreement § 9. When two or more individuals co-sign a contract, they generally have joint and several liability. *Battery Associates, Inc. v. J&B Battery Supply, Inc.*, 944 F. Supp. 171, 178 (E.D.N.Y. 1996). Use of the singular in a contract co-signed by two or more individuals means that each signatory is obligated for the performance of the contract. *Id.* ("the requisite intent to be jointly and severally bound may be found where the guaranty is worded in the singular")*, citing National Surety Co. v. Seaich*, 171 A.D. 414, 420, 157 N.Y.S. 422, 426-27 (1st Dep't 1916)(finding that

the same rules of construction apply to a guaranty as to other contracts)("Where the form of the contract is singular, but executed by two or more persons, it expresses the intent of the obligors to hold such promise to be joint and several, and such is the rule.")(citing Stearns on Suretyship at 92 (2d ed.)).[3]

Accordingly, the Court concludes the liability here is not several and that apportionment is not relevant to this case.

**SIGNED** at Houston, Texas, this  8th  day of  March , 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

[3] In *National Surety*, the court observed that it "is now settled law" in New York State that "Where an instrument containing the words 'I promise to pay' is signed by two or more persons, they are deemed to be jointly and severally liable thereon,'" and that "'If an instrument, worded in the singular is executed by several, the obligation is a joint and several one; and those who thus execute it may be sued either separately or together.'" *Id.*, 171 A.D. at 419-20, 157 N.Y.S. at 426 (citations omitted).