```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF TEXAS
                          HOUSTON DIVISION


PROSPECT ENERGY CORPORATION,     §
                                 §
          Plaintiff,             §
                                 §
VS.                              §   CIVIL ACTION H-10-1396
                                 §
DALLAS GAS PARTNERS, LP, DALLAS  §
GAS GP, LLC, DAVID NELSON,       §
JEFFREY WEISS, AND TOM MUSE,     §
                                 §
          Defendants.            §
```

## OPINION AND ORDER

Pending before the Court in the above referenced action are Plaintiff Prospect Energy Corporation's ("Prospect's") motion for entry of final judgment (instrument #215), Defendant Thomas Muse's ("Muse's") objections to the proposed final judgment (#216), and John S. Black and Reynolds, Frizzell, Black, Doyle, Allen & Oldham's motion for status conference (#221) regarding the Court's order (#220) of January 19, 2012.

On January 6, 2011 the Court granted summary judgment (#190) in favor of Plaintiff Prospect for breach of an LLC Membership Interest Purchase Agreement (the "Agreement") against Defendants Dallas Gas Partners, L.P., Dallas Gas G.P., L.L.C., David W. Nelson, Jeffrey Weiss, and Thomas P. Muse. On March 8, 2011, the Court issued an Opinion and Order (#210) concluding that New York law applied and that liability under the Agreement was joint. On

-1-

November 22, 2011 the Court issued another Opinion and Order (#214) awarding fees in the amount of $1,189,019.41 and expenses in the amount of $119,090.13[1] as actual damages for the breach of contract claim and ordered Prospect to submit a proposed final judgment.

Prospect now asks the Court to enter final judgment in its favor, including $1,308,045.54 in damages that the Court previously awarded plus prejudgment interest under New York law and post-judgment interest.  It maintains that because the Agreement is governed by New York law, New York law governs the calculations of prejudgment interest.  *Harris v. Mickel*, 15 F.3d 428, 429 (5th Cir. 1994)("State law governs the award of prejudgment interest in diversity cases.").

Under New York law, a prevailing party may recover prejudgment interest upon the sum awarded for breach of contract.  N.Y. C.P.L.R. § 5001(a) (Consol. 2007)("Interest shall be recovered upon a sum awarded because of a breach of performance of contract."). The rate is 9% unless otherwise provided by statute or in the parties' contract.  *NML Capital v. Republic of Argentina*, 952 N.E. 2d 482, 488 (N.Y. 2011); N.Y. C.P.L.R. § 5004 (Consol. 2007). Here, because the contract does not provide a prejudgment interest

---

[1] Prospect points out that the Court awarded it this amount as requested by Prospect, but that due to a transcription error, the amount should have been $64 less, i.e., $119,026.13 for expenses as reported in Exhibit 6 to #176-21.  Thus it corrects the amount in its current request for entry of judgment.

rate, the statutory 9% per annum rate applies. N.Y. C.P.L.R. § 5004.

Under New York law, prejudgment interest begins to accrue from the date that Prospect incurred each payment obligation. N.Y. C.P.L.R. § 5001(b) provides,

> Interest shall be computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred. Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date.

The Court's damages award of all Prospect's attorney's fees and expenses was based on the affidavit of Neil Kenton Alexander ("Alexander Affidavit") (#176-14) and Exhibits 2 and 6 to it, which contain the time entries for the work provided and the expenses that were incurred. *See also* #215, Exhibit A, with the same time entries in Exhibit 2 to the Alexander Affidavit, plus a calculation of prejudgment interest from the date that Porter Hedges received payment for the time billed (Ex. C). Prospect calculated that the total prejudgment interest on the attorney's fee portion of the damages award is $597,474.10 through December 23, 2011.

Exhibit B to #215 contains identical expenses to those listed in Exhibit 6 to the Alexander Affidavit, plus a calculation of prejudgment interest from the date that Porter Hedges received payment for the expense billed (Exhibit C). Prospect calculates

that the total prejudgment interest on Prospect's expenses as $59,396.79 through December 23, 2011.

Prospect states that it is entitled to entry of judgment for $1,308,045.54 in damages. In addition it is entitled to prejudgment interest on fees and expenses through December 23, 2011, totaling $656,870.89. For each day after December 23, 2011 until judgment is entered, prejudgment interest continues to accrue at $322.53 per day.

The only objections to Prospect's proposed final judgment are from Thomas Muse, who asks that the Court reject it against him, individually, and set a jury trial of the case against him to resolve remaining issues of material fact. Muse raises three objections: (1)Prospect lacks standing to sue Muse under Texas law because Prospect is not a properly registered corporation with the Texas Secretary of State; (2) Prospect's claim against Muse for breach of contract fails because it did not prove causation; and (3) prejudgment interest should not be awarded for the period between August 20, 2008 and April 26, 2010 because the parties agreed to stay the case during that time.

Regarding the first objection, Muse argues that under Texas law, "[a] foreign filing entity or the entity's legal representative may not maintain an action, suit, or proceeding in a court of this state . . . on a cause of action that arises out of the transaction of business in this state unless the foreign filing

entity is registered in accordance with this chapter." Tex. Bus. Orgs. Code Ann. § 9.051(b). Prospect is a foreign corporation formed under the laws of Maryland. The breach of contract action in Prospect's counterclaim arose from a business transaction in Texas. Although Prospect once registered in compliance with Texas law, it has since forfeited its existence, and the Court should not enter judgment in its favor until it properly registers. *Troyan v. Snelling & Snelling, Inc.*, 524 S.W. 2d 432, 434-35 (Tex. Civ. App.--Dallas 1975, no writ). At minimum, the Court should not allow interest to accrue on any judgment against Muse until Prospect cures its deficient registration with the Texas Secretary of State.

Second, under New York law a plaintiff must prove that "but for" the defendant's breach of contract, the plaintiff would not have suffered damages. *Brown v. Lockwood*, 432 N.Y.S. 2d 186 (N.Y. App. Div. 2d Dep't 1980). Muse insists that Prospect has not established causation as to him. Prospect alleged only that Muse "agreed" with his other limited partners that the first lawsuit in November 2004 should be filed by Dallas Gas Partners, L.P. ("DGP") and that he signed a $7,000.00 check from Muse Energy Partners, L.P., dated November 18, 2004, made payable to DGP. Muse contends that neither his agreement nor his signing of the check caused Prospect's damages. Under Texas law his agreement to filing the suit was not required for the litigation to be pursued: a general partner has the authority to file suit in the name of a limited

partnership only when a majority-in-interest of the partners agree to that action. Texas Business Organizations Code § 152.209. DGP is a limited partnership with five limited partners divided as follows:  the General Partner (1.0%); Franklin Brinegar (2.6%); James C. Langdon, Jr. (12.7%); Tom Muse (27.9%); Jeffrey Weiss (27.9%); and David Nelson (27.9%).  *See* Agreement of Limited Partnership of MNW Acquisition, L.P., Ex. 5 to #106.  Weiss, who signed the fee agreement with the Arnold & Itkin law firm, and Nelson (the general partner of DGP just prior to the fee agreement) owned a combined 55.8% of the interest in DGP, so they did not need Muse's agreement to pursue the litigation.  Furthermore, Prospect has presented no evidence that the $7,000.00 check signed by Muse was used to fund the litigation.  Prospect also has not explained how Muse Energy's check could prove causation as to Muse, individually.

Muse argues that as a matter of public policy, the Texas Business Organizations Code protects individual limited partners from liability for actions taken by the limited partnership entity. Tex. Bus. Orgs. Code § 153.102.  Section 153.102 provides a "safe harbor" list of actions for which a limited partner cannot be found to have participated in the business of the limited partnership for individual liability purposes.  Section 153.103(1)(E) protects a limited partner from liability when he acts as a "member or manager of a limited liability company that is a general partner of the

limited partnership." A limited partner is also protected from liability for "consulting with or advising a general partner on any matter, including the business of the limited partnership." § 153.103(3). The alleged agreement of Muse with two of his limited partners is therefore protected by the safe harbor provisions. So, too, would be the signing of the $7,000.00 check even if it had been issued for an obligation of DGP to pay its litigation expenses. § 153.103(4)(protecting limited partner from liability for "guaranteeing or assuming one or more specific obligations of the limited partnership").

Finally, argues Muse, it is not appropriate to award prejudgment interest which the case was stayed by agreement of all parties. *Johnson & Higgins v. Kenneco*, 962 S.W. 2d 507, 531 (Tex. 1998)("In most circumstances, [a standstill agreement] would operate to toll the accrual of prejudgment interest while the agreement is in effect"); *Ellis v. City of Dallas*, 111 S.W. 3d 161, 168 (Tex. App.--Eastland 2003)(concluding that the trial court properly suspended accrual of pre-judgment interest because of an agreement between the parties to temporarily suspend all aspects of the lawsuit). Muse asserts that Defendants requested the stay pending appeal to the Fifth Circuit (#140) and Prospect not only agreed, but made its own request for a stay (#147). The Court issued its stay order on August 20, 2008 (#149) and did not lift the stay until 614 days later, on April 26, 2010 (#182).

In reply (#218), Prospect requests that the Court overrule Muse's objections. First, Prospect is not required to register to do business in Texas under Texas Business Organizations Code § 901, *et seq.,* in order to assert its counterclaims against Muse and the other Defendants because the statute does not apply to the transaction at issue. The transaction giving rise to Prospect's cause of action was the LLC Membership Interest Purchase Agreement (the "Agreement")(#176-2) that contained the Release and Covenant Not to Sue, which Muse and the other Defendants breached. The Agreement did not constitute "the transaction of business in this state" under § 9.251, which expressly states,

> For purposes of this chapter, activities that do not constitute transaction of business in this state include:
> . . .
> (9) transacting business in interstate commerce;
> (10) conducting an isolated transaction that:
>     (A) is completed within a period of 30 days; and
>     (B) is not in the course of a number of repeated, similar transactions. . . .

Tex. Bus. Orgs. § 9.251(9)-(10). The Agreement, governed by New York law, was for the sale in interstate commerce to Prospect, a Maryland corporation with its principal place of business in New York, of membership interests in a Texas LLC owned by the Defendants and thus was not "the transaction of business in this state." Moreover, the transaction was completed within a period of 30 days and was not in the course of a number of repeated, similar transactions. *See, e.g., Canatxx Gas Storage Ltd. v. Silverhawk*

-8-

*Capital Partners, LLC*, Civ. A. H-06-1330. 2006 WL 1984627 *2 (S.D. Tex. July 14, 2006)(Section 9.251(9) exempts "transaction business in interstate commerce" from § 9.251's definition of "transaction of business in this state" and Canatxx's allegations relate to transaction of business in interstate commerce so Canatxx had authority to sue in Texas state court); *Guardian Underwriters Reassurance Ltd. v. Thompson, Coe,) Cousins & Irons, L.L.P.*, No. Civ. 303CV133H, 2003 WL 22077945, *2 (N.D. Tex. Sept. 2, 2003)(applying exception for interstate commerce to excuse failure to obtain a certificate of authority from Secretary of State), *citing Diversacon Indus., Inc. v. Nat'l Bank of Commerce of Mississippi*, 629 F.2d 1030, 1034 (5th Cir. 1980)(holding that the interstate exemption was a "recognition of a constraint imposed upon state power by the Commerce Clause" of the federal Constitution. "'[W]here the business of the foreign corporation is interstate in nature, a state may not burden such business with state qualification requirements unless the business of the corporation includes a distinct and separable interstate focus, . . . or the corporation has localized its business within the state.'"  *Id.*, *quoting Radio WHKW, Inc. v. Yarber*, 838 F.2d 1439, 1443 (5th Cir. 1988)(citations omitted).

　　Alternatively, Prospect indicates, should the Court find that it should have registered with the Secretary of State, Prospect asks for leave to register now.  *Troyan v. Snelling & Snelling,*

*Inc.*, 524 S.W. 2d 432, 434 (Tex. App.--Dallas 19875, no writ)(permitting plaintiff, after a jury trial, to obtain the required certificate of authority to do business in Texas before entry of final judgment).

Prospect points out that this Court has twice held that Muse and the other Defendants are individually liable for Prospect's damages. #190, entered January 6, 2011, and #210, March 8, 2011. Thus Muse's current contention that it should not be liable because Prospect has not established causation is a "belated attempt to relitigate this Court's Order granting summary judgment" against Muse, an argument which he has waived by delay, which is meritless, which has been considered and rejected by the Court (#190 and 210), and which constitutes "yet another dilatory repackaging if arguments already rejected by this Court." #218 at 4-5.

As for the stay, Prospect maintains that the authority cited by Muse is inapplicable.[2] Prospect's own research of New York law has not uncovered any case that eliminated prejudgment interest during a period of stay. It has found that New York courts have

---

[2] Prospect asserts that in *Johnson & Higgins*, the Texas Supreme Court held that a contractual pre-litigation standstill agreement that expressly reserved all of the parties' rights did not suspend the running of prejudgment interest. 962 S.W. 2d at 531. In *Ellis*, the Court of Appeals held that prejudgment interest did not run during the period that the parties' claims were by agreement dismissed without prejudice, pending the outcome of other litigation, because their agreement to dismiss without prejudice did not reserve all rights or provided that prejudgment interest would run while the claims were dismissed. 111 S.W. 3d at 167.

rejected claims that delays in adjudication caused by intermediate appeals suspend the running of prejudgment interest. *See, e.g., Love v. State*, 78 N.Y. 2d 540, 544-45, 583 N.E. 2d 1296, 1298 (N.Y. Nov. 26, 1991)(in a bifurcated trial with an interlocutory appeal, which is generally the right of all litigants, no matter who caused the delay the prevailing party is to be fully compensated for its losses; interest is not a penalty, but a cost of doing business and for using another person's money between the time it is determined that compensation is due until judgment). Prospect contends that Defendants have increased the cost of this litigation throughout its pendency, and that during the 614 days the case was stayed, Prospect continued to suffer the unreimbursed cost of its defense in a lawsuit that should never have been filed. "Prejudgment interest must be calculated from the date that liability is established regardless of which party is responsible for the delay, if any, in the assessment of the plaintiff's damages." *Love*, 583 N.E. 2d at 1298. Prospect should be "fully compensated for [its] losses." *Id*. *See also Van Nostrand v. Froehlich*, 44 A.D. 3d 54, 57-58, 844 N.Y.S.2d 293, 295-96 (N.Y.A.D. 2 Dept. 2007)("Interest accrues independent of whether either party causes a delay in reaching the damages trial."); *Gunnarson v. State*, 70 N.Y.2d 923, 524 N.Y.S.2d 396, 519 N.E.2d 307 (1987)

**Court's Decision**

The Court full agrees with Prospect that it is entitled to the entry of its proposed judgment and that Muse's objections lack merit.  Accordingly the Court

ORDERS that Prospect's motion for entry of judgment (#215) is GRANTED and final judgment shall be entered by separate order.  The Court further

ORDERS that Muse's objections (#216) are OVERRULED.  Finally, because this case has been resolved, John S. Black and Reynolds, Frizzell, Black, Doyle, Allen & Oldham are hereby relieved of their representation of individual Defendants David Nelson and Jeffrey Weiss, and thus their motion for status conference (#221) is MOOT.

**SIGNED** at Houston, Texas, this  20th  day of  June , 2012.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE